JOHN V. SCHAEFER, Respondent, v. CITY OF LONG BEACH, Appellant.— Action by plaintiff, city engineer, to recover fees earned by him for services performed pursuant to agreement. Judgment for plaintiff affirmed, with costs. Hagarty, Scudder and Johnston, JJ., concur; Tompkins, J., dissents and votes for reversal and a new trial; Lazansky, P. J., not voting.

LOUIS F. SCHULTZE, as Receiver of S. W. STRAUS & CO., INCORPORATED, a New York Corporation, Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant. — Order denying in part defendant's motion for discovery and inspection modified so as to permit a discovery and inspection as to so much of item No. 3 as relates to the delivery to defendant of the securities described in the fourth amended complaint, including the subsequent ratification of the delivery by the board of directors, and as so modified affirmed, so far as appealed from, without costs. The inspection, to the extent allowed, is to be had on ten days' notice. Appeal from order denying reargument of the motion dismissed. Appeals from orders entered August 12, 1935, and August 17, 1935, discontinued on consent, without costs. No opinion. Scudder, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., not voting. [See ante, p. 544.]

JACQUES SCHURRE, Appellant, v. JOHN H. RUEHMLING, Respondent.— In an action to recover a payment by plaintiff to the defendant of a sum claimed by the latter for stenographer's fees before an official referee, on the ground that the exaction of such fees was illegal under section 116 of the Judiciary Law, order of the Appellate Term affirming an order of the Municipal Court of the City of New York, Borough of Brooklyn, First District, denying plaintiff's motion for summary judgment, reversed on the law, order of the Municipal Court reversed, and motion granted, with costs in all courts. In our opinion, under section 116 of the Judiciary Law, as it existed prior to the amendment thereof by chapter 854 of the Laws of 1935, the defendant was obliged to furnish one copy of the minutes of the trial to the referee, when required by him, without any charge to plaintiff therefor, and such obligation did not depend upon any special order or direction of the official referee. We further think that the payment made by plaintiff to the defendant for these minutes was not voluntary, but was under a legal compulsion. Young, Carswell and Johnston, JJ., concur; Hagarty, J., dissents on the ground that the minutes were not ordered by the official referee; Davis, J., not voting.

HERMAN SCHWARTZ, Appellant, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.— Judgment dismissing the complaint in an action for recovery under a policy of accident insurance unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell and Davis, JJ.; Lazansky, P. J., not voting.

WILLIAM F. STRAUKAMP, as Administrator, etc., of MARY A. LOUGHRAN, Deceased, Respondent, v. MARGARET M. BOURKE and Another, Appellants.— In this action to recover damages for the death of plaintiff's intestate, alleged to have been caused by a collision between automobiles at a street intersection, constituting a wrongful act, negligence or default of the defendants, the plaintiff had a verdict for $11,000 and judgment was entered thereon for that amount together with interest and costs. The case presented questions of fact as to the concurrent negligence of the two defendants. Judgment unanimously affirmed, with costs. No opinion. Present — Scudder, Tompkins, Davis and Johnston, JJ.; Lazansky, P. J., not voting.